# NO. 12-13-00031-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MIKE BIRD,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator Mike Bird seeks a writ of mandamus directing the trial court to vacate its amended scheduling order. We deny the petition for writ of mandamus.

## BACKGROUND

The circumstances and events leading to the filing of this mandamus are as follows:

**June 5, 2012** – Mike Bird files a personal injury suit against All American Party and Tent Rentals, Inc. and Cecil Isbell (collectively, All American).

**July 20, 2012**– The trial court signs a Pretrial Docket Control Scheduling Order setting a trial date of January 9, 2013.

**July 30, 2012** – Bird makes his initial response to All American's request for disclosure, stating in part that the response will be supplemented to provide a summary of lost wages and lost earning capacity from injury through the time of trial.

**October 9, 2012** – Bird makes an additional response to All American's request for disclosure, but does not supplement to provide a summary of lost wages and lost earning capacity.

**November 18, 2012** – The deadline passes for All American to designate expert witnesses, and All American does not designate any expert witnesses.

**December 6, 2012** – All American files an unopposed motion for continuance, which the trial court grants, and the trial is reset for April 10, 2013.

**December 7, 2012** – At Bird's request, he and All American agree to extend the discovery deadline in the court's scheduling order to December 24, 2012.

**December 21, 2012** – Bird specifies the amount of his damage claims in a supplemental response to All American's request for disclosure.

**December 24, 2012** – The agreed discovery deadline expires.

**January 16, 2013** – The trial court grants All American's motion to substitute counsel.

**January 18, 2013** – All American's new counsel files a motion to amend the trial court's scheduling order.

**January 24, 2013** – The trial court signs an order resetting the deadlines for Bird's and All American's designation of expert witnesses to February 8, 2013, and March 1, 2013, respectively. The court also resets the deadline for conducting discovery to March 8, 2013.

**January 30, 2013** – Bird files this original mandamus proceeding contending that the trial court abused its discretion by resetting the deadline for All American's designation of expert witnesses without a showing of good cause.

### PREREQUISITES TO MANDAMUS

To be entitled to mandamus relief, a relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 463 (Tex. 2008) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). In determining whether appeal is an adequate remedy, appellate courts consider whether the benefits outweigh the detriments of mandamus review. *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

### APPLICABLE LAW

"Judicial power is . . . the power to adjudicate upon, and protect the rights and interests of individual citizens and to that end to construe and apply the laws. . . ." *Interpretive Commentary*

*to Article 5, Section 1 of the Constitution of the State of Texas* (West 2007). The Texas Supreme Court has established rules of civil procedure to allow the courts of this state to exercise this judicial power. The proper objective of these rules is to obtain a just, fair, equitable, and impartial adjudication of the rights of litigants under established principles of substantive law. TEX. R. CIV. P. 1. To attain this objective with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, the rules "shall be given a liberal construction." *Id*.

The rules of procedure authorize the trial courts of the state to establish and modify scheduling orders for the trials between litigants in this state. *See* TEX. R. CIV. P. 166(c), 190.4 cmt. 7, 190.5, 191.1. The court may modify a discovery control plan at any time and must do so when the interest of justice requires it. TEX. R. CIV. P. 190.5. Unless modification is expressly prohibited, the procedures and limitations set forth in the rules pertaining to discovery also may be modified in any suit by the agreement of the parties or by court order for good cause. TEX. R. CIV. P. 191.1. Moreover, the Local Smith County Rules of Civil Trial provide that the court may modify a discovery control plan at any time and shall do so when the interest of justice or Texas Rule of Civil Procedure 190.5 requires it. *See* Smith (Tex.) Civ. Dist. Ct. and Cnty. Court at Law Loc. R. 3.2.

## AVAILABILITY OF MANDAMUS

In this case, the trial court initially signed its scheduling order on June 5, 2012. According to the scheduling order, trial was set for January 9, 2013. Bird first responded to All American's request for disclosure on July 30, 2012. However, he first disclosed the amount of damages he was seeking on December 21, 2012. In the same response, Bird also disclosed for the first time that he was seeking certain business–related damages, including the lost value of his goodwill and reputation, the loss of contracts that he was unable to perform because of his injuries, and the past and future cost of adding additional personnel. Bird's calculations showed that these damages amounted to a maximum of approximately $2.4 million, and that the total of his damages exceeded $4 million. These disclosures occurred three days before the agreed upon deadline for discovery expired and one month after All American's deadline for designation of expert witnesses.

3

All American substituted new counsel into the case approximately one month after Bird made these disclosures. Two days later, All American moved for amendment of the scheduling order to extend the deadlines for designation of expert witnesses and discovery. In its motion, All American cited the recent developments in the case, its need for expert testimony pertaining to the business-related damages and background information to provide those experts, and counsel's trial schedule. The trial court granted the motion.

Based upon the facts shown by the mandamus record, the trial court reasonably could have found that good cause existed for resetting All American's deadline for designating expert witnesses or that the interest of justice required it. *See* Tex. R. Civ. P. 190.5, 191.1, Smith Cnty. Loc. Rule 3.2. Specifically, the trial court reasonably could have found that Bird's delay in disclosing the nature and amount of his damages gave him an unfair advantage because the deadline for All American's designation of expert witnesses had passed. Thus, absent an amendment of the scheduling order, All American would be unable to obtain an expert witness to assist in its defense against these damage allegations.

Bird, however, calls our attention to the portion of the scheduling order that specifies the deadline for designation of expert witnesses. More particularly, he points to the statement that"[n]o additional experts will be permitted to testify except for good cause shown." But this provision does not prohibit pretrial amendment of the scheduling order under the circumstances presented here.

Bird next contends that moving the trial date from January 9 to April 10 did not give the trial judge discretion to extend the deadline for All American to designate its expert witnesses. As authority for this proposition, he cites *Fort Brown Villas III Condominium Association, Inc. v. Gillenwater*, 285 S.W.3d 879 (Tex. 2009), and *Alvarado v. Farrah Manufacturing Co., Inc.*, 830 S.W.2d 911 (Tex. 1992). In *Gillenwater*, the court considered whether the exclusion of evidence due to an untimely response to a discovery request was permissible in a summary judgment proceeding. *Gillenwater*, 285 S.W.3d at 880. The trial court had excluded an expert's affidavit, and the supreme court upheld the trial court's determination. *Id*. at 881-82. The court was not asked to decide whether the trial court could have extended its scheduling order before trial, which is the issue before us. Therefore, this case is inapplicable.

In *Alvarado*, the issue was whether a witness who had not been identified in response to a discovery request could testify at trial. *Alvarado*, 830 S.W.2d at 912. The supreme court

4

determined that the trial court's admission of the testimony was reversible error. *Id*. at 917. Again, *Alvarado* involved an issue at the adjudication stage of trial and not whether the trial court had the discretion to extend the deadlines in its scheduling order before trial. *See id*. at 912. Consequently, *Alvarado* is also inapplicable.

Bird has not shown that the trial court clearly abused its discretion by resetting All American's deadline for designating its expert witnesses. Therefore, he has not satisfied the first prerequisite to mandamus. Accordingly, we need not address whether Bird has an adequate remedy by appeal. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Because Bird has not satisfied the first prerequisite to mandamus, he cannot establish that he is entitled to mandamus relief. Therefore, we *deny* Bird's petition for writ of mandamus.

JAMES T. WORTHEN
Chief Justice

Opinion delivered May 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2013**

**NO. 12-13-00031-CV**

**MIKE BIRD,**
Relator
v.
**HON. FLOYD T. GETZ**,
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **MIKE BIRD**, who is the relator in Cause No.6091-B, pending on the docket of the County Court at Law #3 of Smith County, Texas. Said petition for writ of mandamus having been filed herein on January 30, 2013, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*